UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COMMUNICATION SERVICE FOR THE DEAF, INC., | ) ) ) | CIV: 10-4134 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **DEFENDANTS' RMTS, L.L.C. AND GERBER LIFE INSURANCE COMPANY'S ANSWER TO AMENDED COMPLAINT** |
| FIRST ADMINISTRATORS, INC., RMTS, L.L.C. and GERBER LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

Comes now Defendants, RMTS, L.L.C. and Gerber Life Insurance Company and for their Answer to Plaintiff's Amended Complaint hereby state and allege as follows:

1.  Deny each and every allegation contained in Plaintiff's Amended Complaint except as hereinafter specifically admitted.

2.  Specifically admit Paragraphs 3, 4 and 6 of Plaintiff's Amended Complaint.

3.  Deny Paragraphs 1, 2, 7, 8 and 9 of Plaintiff's Amended Complaint due to a lack of information available to these Defendants.

4.  As to Paragraph 5 of Plaintiff's Amended Complaint, these Defendants admit that the amount in controversy herein exceeds $75,000.00. Otherwise Paragraph 5 of Plaintiff's Amended Complaint is hereby denied for lack of information.

5.  As to Paragraph 10 of Plaintiff's Amended Complaint, these Defendants

admit that Plaintiff through its Benefit Services Administrator, Defendant First Administrators, Inc., completed and submitted an Application for Stop Loss Insurance coverage for Plaintiff's employees to these answering Defendants and that based upon the representations made in such Application, Defendant Gerber issued such policy to Plaintiff. Based upon the representations made in the above referenced Application, Defendant Gerber issued policies of Excess Loss Insurance to Plaintiff effective October 1, 2007 and a successor policy effective October 1, 2008. All other allegations contained in Paragraph 10 of Plaintiff's Amended Complaint are denied due to lack of information.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT BY FAI

6. These Defendants reallege Paragraphs 1 through 5 of this Answer.

7. The First Cause of Action asserted in Plaintiff's Amended Complaint sets out a claim against Defendant First Administrators, Inc. and not against these answering Defendants. To the extent that the First Cause of Action stated in Paragraphs 11 through 15 of Plaintiff's Amended Complaint contains any allegations against these answering Defendants, such allegations are denied.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE BY FAI

8. These Defendants reallege Paragraphs 1 through 5 of this Answer.

9. The Second Cause of Action asserted in Plaintiff's Amended Complaint sets out a claim against Defendant First Administrators, Inc. and not against these answering Defendants. To the extent that the Second Cause of Action stated in

Paragraphs 16 through 20 of Plaintiff's Amended Complaint contains any allegations against these answering Defendants, such allegations are denied.

### THIRD CAUSE OF ACTION:
### BREACH OF FIDUCIARY DUTY BY FAI

10.     These Defendants reallege Paragraphs 1 through 5 of this Answer.

11.     The Third Cause of Action asserted in Plaintiff's Amended Complaint sets out a claim against Defendant First Administrators, Inc. and not against these answering Defendants.  To the extent that the Third Cause of Action stated in Paragraphs 21 through 24 of Plaintiff's Amended Complaint contains any allegations against these answering Defendants, such allegations are denied.

### FOURTH CAUSE OF ACTION:
### BREACH OF CONTRACT BY RMTS

12.     These Defendants reallege Paragraphs 1 through 5 of this Answer.

13.     As to Paragraph 27 of Plaintiff's Amended Complaint, RMTS, L.L.C., stands by any representations it has made about itself.

14.     As to Paragraph 28, these Defendants admit that RMTS submitted a Stop Loss Insurance Proposal to Plaintiff and the terms of that Proposal speak for themselves. Otherwise, all allegations contained in Paragraph 28 of Plaintiff's Amended Complaint are denied.

15.     With regard to Paragraph 29 of Plaintiff's Amended Complaint, these Defendants specifically state that the Application submitted by Plaintiff for Stop Loss

3

Insurance speaks for itself. Otherwise, these Defendants deny all allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

16. As to Paragraph 30 of Plaintiff's Amended Complaint, these Defendants again state that the Application submitted by Plaintiff for Stop Loss Insurance speaks for itself. Otherwise, all allegations contained in Paragraph 30 of Plaintiff's Amended Complaint are hereby denied.

17. As to Paragraph 31 of Plaintiff's Amended Complaint, these Defendants state that the Application for Stop Loss Insurance submitted by Plaintiff and the Stop Loss Insurance Policy speak for themselves. Otherwise, these Defendants deny all allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

18. These Defendants specifically deny Paragraph 32 of Plaintiff's Amended Complaint.

## FIFTH CAUSE OF ACTION:
## BREACH OF CONTRACT BY GERBER

19. These Defendants reallege Paragraphs 1 through 5 of this Answer to the Plaintiff's Amended Complaint.

20. These Defendants specifically admit that Gerber collected an insurance premium from Plaintiff for the period of October 1, 2007 through December 31, 2008 and that it provided Stop Loss Insurance coverage to Plaintiff pursuant to the terms of the subject policy during that period of time. Otherwise, these Defendants specifically deny Paragraphs 34 through 41 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

21. These Defendants specifically state that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against one or both of these answering Defendants.

22. These Defendants specifically allege that Defendant RMTS, L.L.C. was never a party to any contract with Plaintiff and thereby Plaintiff lacks privity to maintain its Fourth Cause of Action for Breach of Contract against RMTS, L.L.C.

23. These Defendants take note of the Eighth Affirmative Defense asserted by Defendant First Administrators, Inc. in its Answer to Plaintiff's Amended Complaint and based upon the factual allegations stated therein, these Defendants specifically allege the defenses of estoppel, waiver and fraud.

Dated this 30th day June, 2011.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

By: /s/ Daniel R. Fritz
Daniel R. Fritz
Attorneys for Defendants RMTS, L.L.C. and
Gerber Life Insurance Company
P.O. Box 2700
Sioux Falls, SD  57101-2700
605-332-5999
dfritz@lynnjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2011, I caused **DEFENDANTS' RMTS, L.L.C. AND GERBER LIFE INSURANCE COMPANY'S ANSWER TO AMENDED COMPLAINT** to be filed electronically with the Clerk of Court through the CM/ECF system, and that CM/ECF will send an e-notice of the electronic filing to the following:

Thomas K. Wilka tom@hwalaw.com

Kristine Kreiter O'Connell Kristine.Oconnell@woodsfuller.com

John F. Lorentzen jfl@nyemaster.com

/s/ Daniel R. Fritz
Daniel R. Fritz